**UNITED STATES of America**

**v.**

**Alan WILLIAMS, Appellant.**

**No. 07–1395.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit L.A.R. 34.1(a) March 11, 2008.

Filed: April 4, 2008.

Robert L. Eberhardt, Office of United States Attorney, Pittsburgh, PA, for Appellee.

Arthur T. McQuillan, Gleason, McQuillan, Barbin & Markovitz, Johnstown, PA, for Appellant.

Before: FUENTES, CHAGARES and ALDISERT, Circuit Judges.

## OPINION

ALDISERT, Circuit Judge.

Alan Williams appeals from his conviction, following a bench trial, of assaulting a correctional officer in violation of 18 U.S.C. § 111. We must decide whether there was sufficient evidence to justify the District Court's conclusion that the government

---

proved the requisite elements of force and knowledge. We will affirm.

## I.

### A.

Because we write exclusively for the parties and the parties are familiar with the facts and proceedings below, we will not revisit them here.

### B.

In appeals from non-jury convictions, findings of historical or narrative facts are subject to the clearly erroneous standard of review. *United States v. Delerme,* 457 F.2d 156, 160 (3d Cir.1972). In reviewing the "ultimate factual question of guilt," we must determine whether there was substantial supportive evidence. *Id.* Williams expressly withdrew his request that the District Court make specific findings of fact pursuant to Rule 23(c), Federal Rules of Criminal Procedure. We may "imply findings of fact that support a general finding of guilt in a non-jury trial where the evidence so warrants and the defendant has not requested special findings under [Rule 23(c)] . . . ." *United States v. Farrell,* 126 F.3d 484, 491 (3d Cir.1997).

## II.

We have reviewed the evidence and are satisfied that the adjudicative facts implied by the District Court's determination are sufficient to uphold Williams' conviction.

### A.

■ Williams contends that "the Government did not prove the degree of force necessary to sustain a conviction. . . ." Appellant's Br. at 11. We are satisfied, however, that Williams' physical assault of Officer Burkey—by biting Officer Burkey's gloved hand (a bite that resulted in redness, a blood blister and bruising)—satisfies the element of "forcibly." *See United States v. Goodwin,* 440 F.2d 1152, 1154 (3d Cir.1971) ("We are satisfied that, when defendant pushed and struggled with the agents and attempted to break away from their grasp, he was guilty of forcible assault. . . .").

### B.

■ Williams also contends that the government failed to prove the requisite mens rea. In support of this contention, Williams directs us to the circumstances of the assault: he had been hard-restrained for over eleven hours and was speaking irrationally. For example, witnesses testified that, on the day of the assault, Williams had accused correctional officers of intending to drown him; had said, at the 11:30 p.m. check, "They are going to cut my back open"; and had said something to the effect of "They are going to kill me." App. at 77.

Nonetheless, testimony revealed that Williams had spit at the officers earlier in the day after they had restrained him and growled when he bit Officer Burkey. Thus there was sufficient evidence to sustain the government's burden to prove that Williams forcibly assaulted a correctional officer in the performance of his official duties, in violation of 18 U.S.C. § 111(a).

\* \* \* \* \* \*

We have considered all contentions raised by the parties, and we conclude that no further discussion is necessary. The judgment of the District Court will be affirmed.